UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OCTAVIOUS SMITH,

        Plaintiff,

v.                               Case No. 3:23-cv-721-BJD-JBT

ESDRA JEAN BAPTISE, M.D.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Octavious Smith, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights (Complaint) (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff contends that he has been subjected to "[d]eliberate indifference, medical negli[g]ence, 8th amendment." Complaint at 3. He claims the events giving rise to these claims arose at the Reception and Medical Center (RMC) of the Florida Department of Corrections on October 21, 2022 and October 24, 2022. Id. at 4. The alleged facts underlying his claims are that on October 21, 2023 he "digested" one razor blade and was sent for x-rays. Id. at 5. He was then sent to medical where Defendant Dr. Esdra Jean Baptiste reviewed the x-ray showing the razor blade and released Plaintiff back to security without performing a medical procedure. Id. Dr. Nicolaus J. Kuen witnessed the x-ray

and signed off on it.  <u>Id</u>.  On October 24, 2023 Plaintiff "digested" three foreign objects and was sent for emergency x-rays.  <u>Id</u>.  Thereafter, Plaintiff was sent to medical where Dr. Baptiste reviewed the x-ray and released Plaintiff back to security without performing a medical procedure.  <u>Id</u>.  Dr. Reno Bertagnolli signed off on the x-ray.  <u>Id</u>.

As far as injuries, Plaintiff complains he suffered internal bleeding through his penis and anus.  <u>Id</u>.  He claims he also suffered a urinary tract infection.  <u>Id</u>.  He asserts, "I was neglected by medical and did not receive no medical treatment."  <u>Id</u>.  As relief, he seeks monetary damages for emotional distress and for being subjected to cruel and unusual punishment.  <u>Id</u>.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted.  <u>28 U.S.C. §§ 1915(e)(2)(B)</u>, <u>1915A(b)(1)</u>.  Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard.  <u>Mitchell v. Farcass</u>, <u>112 F.3d 1483, 1490</u> (11th Cir. 1997).  <u>See also</u> <u>Alba v. Montford</u>, <u>517 F.3d 1249, 1252</u> (11th Cir. 2008), <u>cert. denied</u>, <u>555 U.S. 1051</u> (2008).

A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>See</u> <u>Neitzke v. Williams</u>, <u>490 U.S. 319, 325</u> (1989).  Dismissals for failure

to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). See Mitchell, 112 F.3d at 1490 ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)"). Additionally, courts must read a plaintiff's pro se allegations in a liberal fashion. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Plaintiff's claims arise under 42 U.S.C. § 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." Bannum, Inc. v. City of Fort Lauderdale, 901 F.2d 989, 997 (11th Cir. 1990) (citations omitted). To successfully plead a § 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." Id. at 996–97 (citations omitted). Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. Id.

Plaintiff, who is confined at RMC and proceeds pro se, sues three doctors, Dr. Baptiste, Dr. Kuen, and Dr. Bertagnolli. Plaintiff claims the Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and to medical negligence. In

essence, Plaintiff complains he was denied adequate medical care after he apparently swallowed foreign objects, including a razor blade.

To allege deliberate indifference to a serious medical need, a plaintiff must allege an objectively serious medical and that a prison official acted with an attitude of "deliberate indifference" to that need.  Estelle v. Gamble, 429 U.S. 97, 104-105 (1976).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).  In order to meet the deliberate indifference standard, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence."  Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007) (alteration in original) (internal quotation marks and citation omitted).  See Wade v. McDade, 67 F.4th 1363, 1374 (11th Cir. 2023) (same); Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) (same).

Plaintiff completely fails to provide operative facts concerning the type of medical care he thought he needed.  Based on his own allegations, staff provided him with prompt medical attention and tests.  Staff sent Plaintiff for

x-rays on both occasions, he received x-rays, Plaintiff was sent to the medical department, the relevant x-rays were forwarded to the medical department, the x-rays were reviewed and considered by Dr. Baptiste, and Dr. Baptiste apparently decided to let the objects pass naturally through Plaintiff's digestive system and released Plaintiff from medical to security. Doctors Kuen and Bertagnolli signed off on the x-rays.

Plaintiff contends that Dr. Baptiste, and perhaps Drs. Kuen and Bertagnolli, should have done something more or different. When prison medical practitioners provide medical care for prisoners, "federal courts are generally reluctant to second guess medical judgments." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986). The sort of difference in medical opinion of which Plaintiff complains does not adequately allege a deliberate indifference claim under section 1983. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). Nor does that determination alone by Dr. Baptiste make it plausible that he knew of a serious risk of harm and disregarded it. Nor does it mean that Defendants Dr. Kuen and Dr. Bertagnolli plausibly knew of a serious risk of harm and disregarded it by signing off on the x-rays.

To meet the deliberate indifference standard, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that

constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam).   Here, Plaintiff's allegations against these Defendants do not rise to the level of a constitutional violation.   At most, Plaintiff has presented a medical malpractice claim, a state tort, not a constitutional deprivation.   Allegations of medical negligence do not satisfy the stringent deliberate indifference standard.   See Estelle, 429 U.S. at 105-106. Mere incidents of negligence or malpractice will not suffice to support a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Plaintiff does not describe medical care that is so grossly incompetent that it shocks the conscience.   Indeed, the care he describes is not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citation omitted).   Thus, his description in the Complaint of subpar diagnosis and treatment is insufficient to support a claim of cruel and unusual punishment. Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) ("the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and there not an appropriate basis for grounding liability under the Eighth Amendment.").

6

Plaintiff's allegations of medical negligence or medical malpractice do not satisfy the stringent deliberate indifference standard.  See Estelle, 429 U.S. 105-106 (a claim of negligent diagnosis or treatment does not state a valid claim of medical mistreatment under the Eighth Amendment).  Furthermore, these allegations of medical malpractice or negligence do not rise to the level of a constitutional violation merely because Plaintiff is an inmate.  Id. at 106.

Upon due consideration, the allegations in the Complaint show that Plaintiff merely disagrees or is dissatisfied with the treatment he received from the Defendants.  Apparently Plaintiff contends that Dr. Baptiste and the other doctors were negligent in diagnosing or treating his medical condition, but this does not state a valid claim of medical mistreatment under the Eighth Amendment.  Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam).  As such, even a liberal construction of the allegations of the Complaint reveals Plaintiff has little or no chance of success as his allegations do not support a claim of constitutional dimension.  Here, a more carefully drafted complaint would make no difference as Plaintiff simply fails to state a plausible constitutional claim for relief against the Defendants as his complaint sounds in negligence or medical malpractice.

Accordingly, it is

**ORDERED:**

7

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of June, 2023.


_____
BRIAN J. DAVIS
United States District Judge


sa 6/26
c:
Octavious Smith

8